# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KAREN M. LEMASTER,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0757**  (BOR Appeal No. 2050027)
(Claim No. 2014005218)

**APPLE VALLEY WASTE SERVICES, INC.,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Karen M. Lemaster, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Apple Valley Waste Services, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 6, 2015, in which the Board affirmed a November 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 23, 2014, decision denying a request to add chondromalacia and degenerative arthritis of the left knee as additional compensable diagnoses, denying a request for authorization of one Synvisc injection, and denying a request for authorization of additional temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lemaster injured her left knee on August 5, 2013, when she sustained a twisting-type injury while exiting a vehicle in the course of her employment. Her claim for workers' compensation benefits was subsequently held compensable for a left knee strain. In October of 2013, Ms. Lemaster sought treatment with Bruce Edwards, M.D. He diagnosed her with degenerative arthritis of the left knee and chondromalacia, and opined that she should not return

1

to work pending further evaluation. Dr. Edwards later opined that Ms. Lemaster's current condition is the result of pain and inflammation arising from the August 5, 2013, injury. Dr. Edwards further stated that the diagnosis of degenerative arthritis refers to new-onset crepitation in the patellofemoral joint, which Ms. Lemaster denies experiencing prior to the August 5, 2013, injury. On March 1, 2014, Dr. Edwards filed a request for authorization of one Synvisc injection for the purpose of treating Ms. Lemaster's pain. In the same document, Dr. Edwards also indicated that Ms. Lemaster is temporarily totally disabled. On March 10, 2014, Dr. Edwards completed a diagnosis update request listing Ms. Lemaster's primary diagnosis as chondromalacia and her secondary diagnosis as degenerative arthritis of the knee.

On March 20, 2014, Robert Smith, M.D., performed an orthopedic evaluation. He opined that the chondromalacia and subluxation of the patella revealed via an MRI performed on January 29, 2014, were not caused by the August 5, 2013, injury because the record indicates that Ms. Lemaster did not strike her knee during the incident. Dr. Smith further opined that Ms. Lemaster does possess anatomical factors which would contribute to a finding of degenerative changes in the lateral facet of the knee, which are associated with chondromalacia. He also stated that the diagnosis of degenerative changes represents an incidental finding which is unrelated to the August 5, 2013, injury. Additionally, Dr. Smith indicated that the only diagnosis arising from the August 5, 2013, injury is a left knee sprain. He opined that the request for authorization of a Synvisc injection arises from the treatment of non-work-related degenerative disease and is unrelated to the August 5, 2013, injury. Finally, Dr. Smith authored a statement indicating that Ms. Lemaster is capable of returning to work at full-duty.

On May 23, 2014, the claims administrator denied Dr. Edwards's request for authorization of one Synvisc injection. In the same decision, the claims administrator denied Dr. Edwards's request to add chondromalacia and degenerative arthritis of the left knee as compensable diagnoses. Also in its May 23, 2014, decision, the claims administrator denied a request from Dr. Edwards for additional temporary total disability benefits.[1] In its Order affirming the claims administrator's decision, the Office of Judges held that the diagnoses of chondromalacia and degenerative arthritis of the left knee are not compensable, the request for authorization of a Synvisc injection arises from the treatment of non-compensable diagnoses, and the request for additional temporary total disability benefits also arises from the treatment of non-compensable diagnoses. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 6, 2015. On appeal, Ms. Lemaster asserts that the diagnoses of chondromalacia and degenerative arthritis of the left knee should be added as compensable diagnoses because her treating physician, Dr. Edwards, is of the opinion that the diagnoses arise from the August 5, 2013, injury. Further, she asserts that she is entitled to authorization of the requested Synvisc injection because Dr. Edwards has opined that it is medically necessary and reasonably required for the treatment of the August 5, 2013, injury. Finally, Ms. Lemaster asserts that the evidence of record demonstrates that she is entitled to additional temporary total disability benefits.

---

[1] Temporary total disability benefits were previously authorized from October 4, 2013, through January 17, 2014.

Regarding the request to add chondromalacia and degenerative arthritis as compensable components of the claim, the Office of Judges found that Dr. Edwards's opinion that the diagnoses are work-related is not persuasive. In that regard, the Office of Judges found that the conclusions expressed by Dr. Smith are persuasive. In particular, the Office of Judges noted that Dr. Smith opined that the diagnoses of chondromalacia and degenerative changes are unrelated to the August 5, 2013, injury. The Office of Judges further noted that Dr. Smith opined that the request for authorization of a Synvisc injection is unrelated to the August 5, 2013, injury. Finally, the Office of Judges noted that Dr. Smith opined that Ms. Lemaster can return to full-duty employment. Based upon Dr. Smith's conclusions, the Office of Judges determined that the diagnoses of chondromalacia and degenerative arthritis of the left knee are unrelated to the August 5, 2013, injury. Further, the Office of Judges determined that the requests for authorization of one Synvisc injection and additional temporary total disability benefits arise from the treatment of the non-compensable diagnoses of degenerative arthritis of the left knee and chondromalacia, and are therefore also unrelated to the August 5, 2013, injury. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman